■ YVETTE BAUMGARTEN, Respondent, v. MIRIAM BRATT, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant Miriam Bratt appeals from an order of the Supreme Court, Kings County, dated November 17, 1960, entered in Queens County, which granted the plaintiff's motion to vacate a preclusion order dated August 3, 1959, directed

the plaintiff to serve a bill of particulars upon the said defendant within 30 days after the entry of the order, and directed the defendant to accept the same. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. On July 16, 1957, defendant Miriam Bratt served a demand for a verified bill of particulars. On July 8, 1959, on the return of her motion to preclude, the plaintiff's attorney consented to the entry of a 60-day conditional preclusion order. On August 3, 1959, an order was made granting said defendant's motion to preclude unless a verified bill of particulars was served within 60 days from the date of the service of a copy of the order thereon. On August 6, 1959, a copy of the order, with notice of its entry, was served on the plaintiff's attorney. On January 29, 1960, almost four months after the expiration of plaintiff's time to serve the bill pursuant to the conditional preclusion order, said defendant's attorney received a bill of particulars which was promptly returned to the plaintiff's attorney. By an order, dated February 23, 1960, a motion by the plaintiff was granted and said defendant was directed to accept late service of the bill of particulars. On July 13, 1960, this court reversed the order and denied the plaintiff's motion "without prejudice to renewal upon proper affidavits reciting the *facts* showing a meritorious cause of action and a meritorious excuse for plaintiff's failure to serve the bill of particulars in accordance with the terms of the preclusion order of August 3, 1959" (*Baumgarten* v. *Bratt*, 11 A D 2d 803). This court's decision stated: the "present record furnishes a wholly inadequate basis for the exercise of the court's discretion in opening plaintiff's default under the preclusion order. No *facts* are set forth establishing an excusable default for plaintiff's inordinate delay in serving the bill of particulars. Nor are any *facts* set forth showing the merits of the action." The instant appeal is from the order dated November 17, 1960, which was entered on the plaintiff's subsequent motion for an order directing said defendant to accept the bill of particulars. In our opinion, the papers submitted in support of the motion did not comply with our decision permitting renewal of the motion "upon proper affidavits reciting the *facts* showing a meritorious cause of action and a meritorious excuse for plaintiff's failure to serve the bill of particulars in accordance with the terms of the preclusion order of August 3, 1959" (see, also, *Paris* v. *Poticha,* 1 A D 2d 277). Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.